UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NCEBAKAZI NTONI,**

    **Plaintiff,**

v.                                                                Case No: 5:25-cv-539-JLB-PRL

**DELVA MONIQUE**
**CHARLEMAGNE,**

    **Defendant.**

_____

### ORDER

This cause comes before the Court on Plaintiff's Motion to Protect Plaintiff's Residential Address filed on August 27, 2025. (Doc. 3). Plaintiff Ncebakazi Ntoni, appearing *pro se*, requests that her residential address be kept confidential in this matter due to "threats and harassment from parties connected to Defendant" and that "[d]isclosure of her residential address would place her and her [19-month-old] child at risk of harm or intimidation." (*Id.* at p. 1). Since the filing of the motion, Plaintiff has submitted a Notice of Change of Address advising the Court in writing of an alternate mailing address she wishes to use in this case. (Doc. 7). Upon review, Plaintiff's motion is due to be denied as moot.

**I.    LEGAL STANDARDS**

As an initial matter, this Court requires that all pleadings and papers submitted for the Court's consideration must be filed through the clerk's office and in the form of a pleading, a motion, or a notice. (Doc. 5); *see* M.D. Fla. Local Rule 3.01(k) (stating that "[a] party must not use a letter, email, or the like to request relief"). Local Rule 1.11 governs the sealing of items in a civil action in this district. *See generally* M.D. Fla. Local Rule 1.11. Moreover, the

Federal Rules of Civil Procedure require all pleadings and papers filed with the Court to include a mailing address, among other information. *See* Fed. R. Civ. P. 11(a) (stating that even if a party is unrepresented, "[t]he paper must state the signer's address, e-mail address, and telephone number"); (Doc. 5 at pp. 3-4) (explaining that a *pro se* plaintiff must provide and maintain an address where he or she will receive notices and orders). Neither the Local Rules nor the Federal Rules of Civil Procedure permit a party to prosecute a case before the Court without providing contact information, including an address.

Indeed, it has long been established that the public has a common law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (internal footnotes omitted). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citations omitted). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Trib. Co.*, 263 F.3d at 1311 (citation omitted). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *See Romero*, 480 F.3d at 1246 (quoting *Chicago Trib.*

*Co.*, 263 F.3d at 1309); *see also Brown*, 960 F.2d at 1016 (explaining that unless a party can show "extraordinary circumstances," a court file must remain accessible to the public); *Doe v. Neighborhood Rest. Partners*, No. 8:22-cv-2483-TPB-CPT, 2022 WL 17360654, at *1 (M.D. Fla. Dec. 1, 2022) ("[A] party requesting to seal any portion of a judicial record bears [a] heavy burden of showing that the material is the kind of information that courts will protect.") (citation and internal quotation marks omitted).

## II. DISCUSSION

As a threshold matter, Plaintiff's motion does not comply with the procedural requirements of Local Rule 1.11(c). *See* M.D. Fla. Local Rule 1.11(c) (listing the requirements for a motion to seal an item). Aside from such procedural deficiencies, Plaintiff has not shown good cause or demonstrated that extraordinary circumstances exist in this case that would require the Court to seal her address. *See Warren v. DeKalb Cnty. Sch.*, No. 1:18-cv-02310, 2019 WL 11508448, at *2 (N.D. Ga. May 17, 2019) (finding that the plaintiff did not show extraordinary circumstances that would require the court to seal her address or phone number).

Nonetheless, Plaintiff filed a Notice of Change of Address on August 29, 2025, providing an alternate mailing address located at 605 West Silver Springs Place, Ocala, Florida 34475 (Doc. 7), which is where she seeks to receive notices and orders from the Court in connection with this case. Because Plaintiff has advised the Court in writing of this change in her mailing address, which is now properly reflected on the docket, Plaintiff's request to seal her residential address is denied as moot.

Plaintiff is further advised that the Court entered an Order for Pro Se Litigants on August 27, 2025, highlighting some of the commonly applicable rules that *pro se* litigants must

follow, including change of addresses and rules and responsibilities for redaction. (*See* Doc. 5). While Plaintiff is proceeding *pro se*, she is reminded that she is still required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

### III.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion to Protect Plaintiff's Residential Address (Doc. 3) is **DENIED as moot**.

(2) The Clerk is **directed** to provide a copy of this Order to Plaintiff at both her former address and the new address provided in the Notice of Change of Address (Doc. 7) located at 605 West Silver Springs Place, Ocala, Florida 34475. All papers in this case should be sent to Plaintiff at 605 West Silver Springs Place, Ocala, Florida 34475.

**DONE** and **ORDERED** in Ocala, Florida on September 3, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties